UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-132-A |
| | ) | WO |
| JOHN EDWARD WHITE | ) | |

**ORDER ON MOTION**

The United States' *Motion for Mental Competency Examination*, (Doc. 17, Nov.4, 2005 ), reports, *inter alia*, advice from defendant's former counsel, Assistant Federal Defender Jennifer Hart, that "defendant has attempted suicide while incarcerated numerous times." *Defendant's Response*(Doc. 21, Nov.15, 2005 ), filed by present counsel, Roianne Houlton Conner, confirms the defendant's two suicide attempts at the Montgomery Municipal Jail, reports his mother's acknowledgment of his "history of mental illness as well as some mental impairment issues...since an early age," and avers the Defendant's communicated "belie[f] that he is in need of a mental evaluation so that he can receive the necessary medications and assistance with his illness." Upon due consideration of the foregoing, it is, for good cause shown, **ORDERED that the *MOTION* is GRANTED, and it is further ORDERED as follows:**

**1.** This ***case is hereby removed from the scheduled trial term commencing December 5, 2005***, before Senior District Judge W. Harold Albritton, and ***trial is continued generally*** pending the competency evaluation and reports herein ordered.

**2.** Upon due application of the *Insanity Defense Reform Act of* 1984, and because good cause to question Defendant's competency to stand trial arises from his admitted suicide attempts while incarcerated pending trial, his reported history of mental illness, and his own request for a mental evaluation, **it is ORDERED** as follows:

A.  *Defense counsel shall provide to government counsel not later than November 30, 2005,* copies of any of Defendant's medical, psychiatric, psychological, or custodial records now or hereafter within her custody, possession, or control – whether provided by the Defendant, his mother, or jail officials – along with any reported mental evaluation and/or treatment dates and places.  **Government counsel shall ensure that all such records are transmitted expeditiously to the mental health professionals** who are authorized by this Order to examine the Defendant during his institutional confinement.  *Government counsel shall also transmit* to these professionals copies of the indictment and any other relevant documentation regarding the offense alleged.

B.  *The United States Marshal for the Middle District of Alabama shall take the defendant, John Edward White, into custody and* remove him forthwith to the custody of the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, or such other suitable facility of the Bureau of Prisons, or to such other institution as may be designated by the Attorney General, for mental evaluation and treatment, *where he may be observed and examined, pursuant to 18 U.S.C. §§ 4241 (a), 4242(a) and 4247, for a reasonable period of time, but not to exceed 30 days for the § 4241(a) examination to determine the defendant's mental competency to stand trial, and not to exceed 45 days for the 18 U.S.C. §4242 determination of the defendant's mental competency at the time of the offense.*   The examinations shall be conducted by one or more licensed or certified psychiatrists or psychologists at such medical facility and shall be pursuant to the provisions of Title 18, United States Code, Sections 4247(b) and (c), as enacted in the Insanity Reform Act of 1984.

*It is further*

**ORDERED** that, pursuant to the provisions of 18 U.S.C.§4247(b) and (c), *the examiners designated to conduct the psychiatric or psychological examination of the defendant, shall file a report in writing to this court within 75 days from the date the defendant arrives at such institution,* and copies shall be provided to the counsel for the defendant and to the attorney for the Government. *The report shall include* –

(1) the defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings;

(4) the examiner's opinions as to (i) diagnosis; (ii) prognosis; (iii) *whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (iv) whether the defendant was insane at the time of the commission of the offense with which he is charged*.

*It is further*

**ORDERED** that the defendant shall be incarcerated and remain at such institution for a period of not more than 75 days from the date the defendant arrives at such institution. In accordance with 18 U.S.C. § 4247(b), any requests by the director of the facility for a reasonable extension of this period shall be accompanied by a "showing of good cause that the additional time is necessary to observe and evaluate the defendant", and such requests shall not exceed 15 days for the 18 U.S.C. § 4241 and 30 days for the 18 U.S.C. § 4242 exam.

   ***C. The Clerk of Court is hereby* ORDERED** to furnish the United States Marshal for this district with three certified copies of this order.

   **D**. After receipt and evaluation of the examiners' report on the defendants's mental competency, the court shall schedule such hearings as may be required under 18 U.S.C. § 4241(a).

  DONE this 16th day of November, 2005.

          **/s/ Delores R. Boyd**
          DELORES R. BOYD
          UNITED STATES MAGISTRATE JUDGE