IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN EDWARD WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NOS. 2:16-CV-472-WKW |
| ) | 2:16-CV-353-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

After obtaining authorization under 28 U.S.C. §§ 2252(h)(2) and 2244(b)(3) from the Eleventh Circuit Court of Appeals to pursue a successive 28 U.S.C. § 2255 motion, Petitioner John Edward White ("White") filed the instant § 2255 motion. (Doc. # 1.[1]) White moves the court to correct his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In the *Johnson* decision, the U.S. Supreme Court voided for vagueness the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and its holding applies retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257 (2016). White contends that, based upon the Supreme Court's decisions in *Johnson* and *Welch*, his Alabama conviction for first-degree escape under § 13A-10-31 of the Alabama Code

---

[1] All citations to the record are to the filings in Case No. 2:16-cv-472.

no longer qualifies as a predicate violent felony under the ACCA's residual clause. White argues further that this conviction does not count as a violent felony under the ACCA's other definitions that are unaffected by *Johnson* and that, therefore, without this conviction, he does not have three qualifying convictions under the ACCA. Accordingly, White challenges the constitutionality of his enhanced sentence under the ACCA, and he seeks to be resentenced without the enhancement. The United States filed a response, conceding that White is entitled to sentencing relief and that his § 2255 motion should be granted. Based upon the arguments, the record, and the law, White's § 2255 motion will be granted; his sentence will be vacated; and he will be resentenced.

## II. DISCUSSION

White pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 18, 2007, he was sentenced to 235 months' imprisonment pursuant to the ACCA, 18 U.S.C. § 924(e), based on the court's adoption of the presentence investigation report ("PSR").

Normally, a conviction under § 922(g)(1) carries a sentence of not more than ten-years' imprisonment. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three previous convictions for a violent felony is subject to a fifteen-year minimum sentence. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical

2

force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i)–(ii). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the now-void residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

As set out in the PSR, White had three prior violent felony convictions that rendered him eligible for a sentence enhancement under the ACCA. At sentencing, White objected only to counting his conviction for first-degree escape as a violent felony under the ACCA. The sentencing court found that, under then-persuasive case law, White's first-degree escape conviction was a violent felony under the ACCA's residual clause. (Doc. # 5-4, at 8–9 (sentencing transcript).) Because the ACCA's residual clause now is void, unless the conviction satisfies the definition of "violent felony" under either § 924(e)(2)(B)'s elements clause or enumerated-crimes clause, it cannot be used to enhance White's sentence under the ACCA. The conviction satisfies neither.

Under § 13A-10-31, "[a] person commits the crime of escape in the first degree if: (1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction." Ala. Code § 13A-10-31(a)(1)–(2).

3

No argument is made that White's prior conviction is one of the crimes in the ACCA's enumerated-crimes clause; thus, the conviction must satisfy the requirements of the elements clause. To fit within the elements clause, the offense of first-degree escape must have as an element the use of "physical force," which the U.S. Supreme Court has defined as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). If the statute is divisible, meaning that it lists "alternative elements," and one alternative qualifies as a violent felony, but another does not, the court applies the modified categorical approach to determine under which portion of the statute the defendant was convicted. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (describing a divisible statute as one that "list[s] elements in the alternative, and thereby define[s] multiple crimes"). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. This limited class of documents, "known as *Shepard* documents, include[s] the charging document, the plea agreement, the transcript of the colloquy between a judge and a defendant in which the factual basis for the plea was confirmed by the defendant, or 'some comparable judicial record of this information.'" *United States v. Tendrich*, 638 F. App'x 980, 982 (11th Cir.) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)), *cert. denied*, 137 S. Ct. 62 (2016).

4

The court also may rely upon "any undisputed facts in the presentence investigation report." *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016). If these documents do not prove which statutory element was the basis for the conviction, the conviction cannot serve as an ACCA predicate. *Johnson*, 559 U.S. at 145.

In light of the foregoing principles, § 13A-10-31 of the Alabama Code is a divisible statute. It has disjunctive elements, providing alternative elements for a conviction where a defendant either (1) "employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody" or (2) "[h]aving been convicted of a felony, . . . escapes or attempts to escape from custody imposed pursuant to that conviction." § 13A-10-31. The United States contends that § 13A-10-31's first clause qualifies as a crime of violence under the elements clause of the ACCA but that the second clause does not. (Doc. # 5, at 17.) Accepting that contention for purposes of this opinion only, the court invokes the modified categorical approach to assess which of the alternative elements was the basis for White's first-degree escape conviction. But, as the Government concedes, there are no *Shepard* documents that demonstrate whether White's conviction falls under subsection (a)(1) or (a)(2) of the Alabama statute. The certified conviction, other state-court documents, and the undisputed facts in the PSR do not indicate under which subsection of the first-degree escape statute White was convicted. The charging document, for instance, recites only that White "did escape from the Lowndes County Jail, in violation of 13A-10-31 of the Code of

Alabama . . . ." (Doc. # 5-11, at 6 (information).) Moreover, at the original sentencing hearing, there were no *Shepard* documents or admissions of fact establishing that the threatened or actual use of physical force was the basis for White's first-degree escape conviction. Accordingly, White's first-degree escape conviction cannot serve as a predicate ACCA offense, and, without this conviction, White does not have enough convictions to support an ACCA designation.

### III. CONCLUSION

Because White's conviction for first-degree escape no longer qualifies as an ACCA predicate offense, White is one conviction short of the required three for the fifteen-year minimum sentence under 18 U.S.C. § 924(e). His sentence, therefore, exceeds the ten-year maximum authorized sentence under 18 U.S.C. § 924(a). White's § 2255 motion will be granted; his sentence will be vacated; and his criminal case will be set for resentencing. Accordingly, it is ORDERED as follows:

(1) Petitioner John Edward White's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. # 1) is GRANTED.

(2) The sentence, entered in *United States v. White*, No. 05-cr-132 (M.D. Ala. Jan. 18, 2007), is VACATED.

(3) A resentencing hearing in *United States v. White*, No. 05-cr-132 (M.D. Ala.), is set on **January 18, 2018, at 9:00 a.m.**, in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. White shall remain in custody pending resentencing. The United States Marshal is DIRECTED to arrange

for White's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(4) The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing. The United States Probation Office shall prepare an updated addendum to the PSR (*see* Doc. # 5-12), which includes information on White's post-conviction conduct to date, and shall disclose the updated addendum to Defendant, counsel for Defendant, the Government, and the court on or before **December 11, 2017**. Any objections to the PSR addendum shall be filed under seal no later than **December 18, 2017**.

(5) The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. White*, No. 05-cr-132 (M.D. Ala. May 25, 2005).

(6) The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

DONE this 2nd day of November, 2017.

                                      /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE