IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CR-132-WKW |
| | ) | [WO] |
| JOHN EDWARD WHITE | ) | |

## **ORDER**

Before the court is Defendant John Edward White's *pro se* motion for a reduction of sentence under the First Step Act. (Doc. # 153.) The Government filed a response in opposition to the motion. (Doc. # 159.) The motion is due to be denied.

Mr. White was resentenced to a 120-month term of imprisonment after his sentence on his conviction under 18 U.S.C. § 922(g)(1) was vacated under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Doc. # 132 (Am. Crim. J., May 30, 2018).) His projected release date from the custody of the Bureau of Prisons is November 19, 2021. *See* https://www.bop.gov/inmateloc/ (last visited Apr. 29, 2020). Mr. White contends that he is entitled to immediate release under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act" or "Act"). But he does not state how he contends the First Step Act reduces his sentence, other than to assert that his conviction is "non[-]violent." (Doc. # 153, at 1.)

A district court may modify a defendant's sentence where Congress has expressly authorized it to do so.  *See* 18 U.S.C. § 3582(c)(1)(B) (providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . .").  Having conducted a careful review of Mr. White's motion in light of the First Step Act, the court finds no grounds under the Act to reduce his sentence.

Section 404 is the only provision of the Act that applies retroactively to defendants who have already been sentenced.  Retroactive relief under the Act is available to defendants convicted of a "covered offense," which § 404(a) defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act, § 404(a).  Section 404 only amended the statutory sentencing ranges for crack-cocaine offenses.  *Id.*  Mr. White's conviction is not for a crack-cocaine offense.  For this reason, Mr. White's claim for relief under § 3582(c)(1)(B) fails because he was not convicted and sentenced under a "covered offense" within the meaning of the First Step Act.

Accordingly, it is ORDERED that Mr. White's *pro se* motion for a reduction of sentence under the First Step Act (Doc. # 153) is DENIED.

DONE this 30th day of April, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
