IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CR-132-WKW |
| | ) | [WO] |
| JOHN EDWARD WHITE | ) | |

**ORDER**

Defendant, who is serving a 120-month sentence on his federal conviction, has a projected release date of January 12, 2022. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 20, 2021); (Doc. # 132). Defendant wants to be released today. (Doc. # 174.) However, immediate release is not warranted because this court lacks authority to open the prison gates for him. Accordingly, Defendant's motion for immediate release (Doc. # 174) is due to be denied. (Doc. # 174.)

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015) (citation omitted). Defendant has not cited a statute or rule that would authorize the court to order his immediate release. He contends only that there are "new laws" that take effect on November 1, 2021, that will "reduce

[his] time." (Doc. # 174.) Should there exist such a statute or rule, Defendant may refile his motion when it becomes effective; any motion also should identify the applicable statute or rule. At present, Defendant has shown no grounds and has cited no authority that would permit the court to order his immediate release from prison.

Accordingly, it is ORDERED that Defendant's motion for immediate release (Doc. # 174) is DENIED.

DONE this 20th day of October, 2021.

                                         /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE